IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA

ROCK HILL DIVISION

| | | |
|---|---|---|
| Terry Washington, | ) | |
| | ) | C/A No. 0:04-750-JFA-BM |
| Plaintiff, | ) | |
| v. | ) | |
| | ) | **ORDER** |
| Jo Anne B. Barnhart, | ) | |
| Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

This matter is before the court for review of the Magistrate Judge's Report and Recommendation made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Rule 83.VII.02.

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made, and the court may accept, reject, or modify, in whole or in part, the Recommendation of the Magistrate Judge, or recommit the matter to him with instructions. 28 U.S.C. § 636(b)(1).

The plaintiff, Terry Washington, brings this action pursuant to Sections 205(g) of the

1

Social Security Act as amended, 42 U.S.C. § 405(g), to obtain judicial review of a final decision of the Commissioner of Social Security (the "Commissioner") denying his claims for Disability Insurance Benefits ("DIB") and Supplemental Social Security Income ("SSI") benefits.

The plaintiff first applied for SSI and DIB on September 11, 2001, alleging inability to work since September 11, 2001 due to a herniated disc. His claim was denied initially and on reconsideration. The Administrative Law Judge ("ALJ") issued a decision on May 31, 2003. The Appeals Council denied plaintiff's request for review which made the ALJ's decision final. The ALJ found that the plaintiff was not disabled and made the following findings.

1. The claimant met the non-disability requirements of the Act on September 11, 2001, the date the claimant stated he became unable to work, and continues to meet them through December 31, 2004.

2. The claimant has not engaged in substantial gainful activity since September 11, 2001.

3. The medical evidence establishes that the claimant has degenerative disc disease, but that he does not have an impairment or combination of impairments listed in, or medically equal to one listed in Appendix 1, Subpart P, Regulations No. 4.

4. Although the claimant has reported problems with his back and depression, his descriptions of his limitations as a result of this pain and these conditions, to the extent that he is precluded from performing a full range of sedentary work activity, are not credible.

5. The claimant has the residual functional capacity to perform the physical exertion requirements of work except for more than a full range of sedentary work activity.

2

6. The claimant is unable to perform his past relevant work.

7. The claimant is 32 years old, which is defined as a younger person.

8. The claimant completed the twelfth grade.

9. In view of the claimant's age and residual functional capacity, the issue of transferability of work skills is not material.

10. Section 404.1569 of Regulations No. 4 and Section 416969 of Regulations No. 16 and Medical Vocational Rule 201.27, Table No. 1 of Appendix 2, Subpart P, Regulations No. 4, direct a conclusion that, considering the claimant's residual functional capacity, age, education, and work experience, he is not disabled.

11. The claimant was not under a "disability," as defined in the Social Security Act, at any time through the date of this decision.

The plaintiff was 30 years old at the time he alleges he became disabled. He attended high school and has past relevant work experience as a laborer/landscaper and foreman laborer/landscaper.

The role of the federal judiciary in the administrative scheme established by the Social Security Act is a limited one. Section 205(g) of the Act provides: "[T]he findings of the Commissioner as to any fact, if supported by substantial evidence, shall be conclusive . . . ." 42 U.S.C. § 405(g). "Substantial evidence has been defined innumerable times as more than a scintilla, but less than preponderance." *Thomas v. Celebrezze*, 331 F.2d 541, 543 (4th Cir. 1964); *see*, *e.g.*, *Daniel v. Gardner*, 404 F.2d 889 (4th Cir. 1968); *Laws v. Celebrezze*, 368 F.2d 640 (4th Cir. 1966); *Tyler v. Weinberger*, 409 F. Supp. 776 (E.D. Va. 1976). This standard precludes a *de novo* review of the factual circumstances that substitutes the court's

3

findings for those of the Commissioner. See, *e.g.*, *Vitek v. Finch*, 438 F.2d 1157 (4th Cir. 1971); *Hicks v. Gardner*, 393 F.2d 299 (4th Cir. 1968). "[T]he court [must] uphold the [Commissioner's] decision even should the court disagree with such decision as long as it is supported by 'substantial evidence.'" *Blalock v. Richardson*, 483 F.2d 773, 775 (4th Cir. 1972). As noted by Judge Sobeloff in *Flack v. Cohen*, 413 F.2d 278 (4th Cir. 1969), "[f]rom this it does not follow, however, that the findings of the administrative agency are to be mechanically accepted. The statutorily granted right of review contemplates more than an uncritical rubber stamping of the administrative action." *Id*. at 279. "[T]he courts must not abdicate their responsibility to give careful scrutiny to the whole record to assure that there is a sound foundation for the [Commissioner's] findings, and that his conclusion is rational." *Vitek*, 438 F.2d at 1157-58.

The United States Magistrate Judge to whom this matter was referred has filed a detailed Report recommending that the Commissioner's decision be affirmed and that the ALJ's findings are supported by substantial evidence.

The parties were advised of their right to file specific written objections to the Report and Recommendation ("Report") which was entered on November 1, 2005. As of the date of this order, no objections have been filed.

Having reviewed the findings of the ALJ, the Report, and the briefs from the plaintiff and the Commissioner on this issue, the court finds the Magistrate Judge's recommendation is proper. Accordingly, the court adopts the Report and Recommendation of the Magistrate

Judge and the Commissioner's decision is affirmed.

   IT IS SO ORDERED.

                                                Joseph F. Anderson, Jr.
                                                 United States District Judge

November 21, 2005
Columbia, South Carolina